IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-214-RAH-KFP |
| | ) | |
| EBSCO SIGN GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Thomas Wilson, appearing pro se, brings this lawsuit against Defendant EBSCO Sign Group, LLC asserting, in part, race discrimination and hostile work environment claims under Title VII of the Civil Rights Act of 1964.[1] EBSCO filed a Motion to Partially Dismiss (Doc. 5), arguing that Wilson's Title VII claims are time-barred, and Wilson filed a response in opposition (Doc. 15). Upon review of the record and the parties' submissions, the undersigned RECOMMENDS that EBSCO's motion be GRANTED and Wilson's Title VII claims be DISMISSED as untimely.

Title VII provides that a plaintiff *must* file his complaint within 90 days of his receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (citing 42 U.S.C. § 2000e–5(f)(1) and *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991)); *Wiggins v. City of Montgomery, Ala.*, 2017 WL 4052384, at *1 (M.D. Ala. Sept.

---

[1] Wilson also brings claims under 42 U.S.C. § 1981, which are not the subject of this Recommendation.

13, 2017) ("It is well settled that claims brought under Title VII . . . must go through the administrative process with the EEOC, and plaintiffs asserting claims under [this statute] have ninety days to file suit in federal court after receiving a notice-of-right-to-sue letter from the EEOC.") (citations omitted). Generally, failure to file a Title VII claim within the requisite 90-day period will result in that claim being time-barred from proceeding in federal court. *See Roach v. Akal Sec., Inc.*, 2008 WL 4601003, at *1 (M.D. Ala. Oct. 15, 2008) (granting motion to dismiss Title VII claim where claim was admittedly filed more than 90 days after receipt of right-to-sue letter).

Under the doctrine of equitable tolling, a plaintiff may be permitted to bring suit "after the statutory time period has expired if [he has] been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (citations omitted). However, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting that equitable tolling is an extraordinary remedy that should be applied sparingly). The plaintiff bears the burden of establishing that he is entitled to equitable tolling. *Robinson v. Schafer*, 305 F. App'x 629, 630 (11th Cir. 2008) (citation omitted).

In this case, Wilson admits he received his right-to-sue letter from the EEOC on December 24, 2019. Doc. 1 at 1-2 ("Plaintiff received a right-to-sue on December 24, 2019, giving Plaintiff the right to pursue this claim in federal Court for 90 days after said receipt."). Wilson's complaint was executed and filed on March 24, 2020—91 days after

2

he received his right-to-sue letter. *Id.* at 1, 9. Thus, Wilson's Title VII claims are untimely. *See Marshal v. City Sch. Bd. of City of Selma, Ala.*, 2008 WL 5188804, at *3 (S.D. Ala. Dec. 10, 2008) (dismissing Title VII claim filed 91 days after plaintiff acknowledged receiving his right-to-sue letter).

Additionally, Wilson has failed to proffer any reason for his untimeliness. Although the Court gave Wilson an opportunity to respond to EBSCO's motion and show cause why his Title VII claims should not be dismissed (*see* Doc. 10), Wilson failed to address the timeliness issue.[2] Thus, he has failed to meet his burden of establishing that he is entitled to equitable tolling, and there is no basis for the Court to excuse Wilson's untimeliness. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (finding that mere pro se status, ignorance of the law, and delayed administrative processes do not warrant equitable tolling).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. EBSCO's motion to partially dismiss (Doc. 5) be GRANTED; and
2. Wilson's Title VII claims be DISMISSED as untimely.

---

[2] In response to the Court's order to show cause why EBSCO's motion should not be granted, Plaintiff filed a document entitled "Sufficient evidence," in which he notifies the Court that he is "presenting evidence to show in the case that there was discrimination," and a thumb drive containing a brief video entitled "Brad talking to me in a disgusting way." Doc. 15. Neither the document nor the video address Plaintiff's failure to file this lawsuit within the requisite 90-day period.

3

It is further

ORDERED that on or before **November 3, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of October, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE